**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy Case No.** 24-20404-CMB |
| Linda C. Parker, | ) |
|    **Debtor,** | ) **Chapter** 11 |
| | ) |
| United States Trustee, | ) **Hearing Date:** May 1, 2024 @ 1:30 p.m. |
|    **Movant,** | ) |
| v. | ) **Responses Due:** April 9, 2024 |
| Linda C. Parker, | ) |
|    **Respondent.** | ) **Document No.** |

**RESPONSE TO MOTION OF THE UNITED STATES TRUSTEE TO
DISMISS OR CONVERT CHAPTER 11 CASE OF DEBTOR PURSUANT TO
<u>11 U.S.C. § 1112(b)(4)(C) AND (H)</u>**

    **AND NOW** comes the Debtor and Debtor-in-Possession, Linda C. Parker, by and through her counsel of record, Calaiaro Valencik, and presents this Response to the Motion to Dismiss or Convert filed by the United States Trustee:

    1.    Admitted.

    2.    Admitted.

    3.    It is admitted that the United States Trustee relies upon the statutes and rules set forth in this paragraph. It is denied that the requested relief is appropriate.

    4.    This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, the Debtor does not contest the United States Trustee's standing on this matter.

    5.    Admitted.

    6.    Admitted.

    7.    Admitted.

8. It is admitted that the United States Trustee requested documents from the Debtor.

9. It is admitted that the Debtor possesses a 100% interest in Parker Precision Molding, Inc. and Widget Werks, Inc.

10. It is admitted that the Debtor owns commercial property in which her businesses operate out of.

11. It is admitted that there was a period in which the Debtor's commercial property was not properly insured. The Debtor worked since the Petition Date to obtain insurance coverage. The Debtor has obtained insurance coverage and copy of the policy declaration was provided to the Office of the United States Trustee prior to the filing of this Response. To the extent that there is anything outstanding, the Debtor will continue to work to comply and provide the requested documents to the United States Trustee.

12. Admitted.

13. It is admitted that the Debtor was working since the Petition Date to obtain insurance coverage. The Debtor has obtained insurance coverage and copy of the policy declaration was provided to the Office of the United States Trustee prior to the filing of this Response. To the extent that there is anything outstanding, the Debtor will continue to work to comply and provide the requested documents to the United States Trustee.

14. Admitted.

15. Admitted.

16. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There

is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

17. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

18. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

19. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

20. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy

Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

21. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

22. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

23. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

24. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. The Debtor was transparent with United States Trustee regarding the insurance issues and her efforts to obtain insurance. The Debtor provided insurance declarations prior to the filing of this Response. To the extent that the Debtor remains deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

25. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

26. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

27. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been

deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

28. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

29. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

30. It is admitted that the Debtor operates business at the commercial property. The Debtor was transparent with United States Trustee regarding the insurance issues and her efforts to obtain insurance. The Debtor provided insurance declarations prior to the filing of this Response.

31. Denied. The Debtor was transparent with United States Trustee regarding the insurance issues and her efforts to obtain insurance. The Debtor provided insurance declarations prior to the filing of this Response.

32. Denied. The Debtor was transparent with United States Trustee regarding the insurance issues and her efforts to obtain insurance. The Debtor provided insurance declarations prior to the filing of this Response.

33. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

34. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

35. It is admitted that there are secured claims against the Debtor.

36. Denied. Dismissal is not appropriate.

37. Denied. Conversion is not appropriate.

38. The Debtor reserves all rights, remedies, and obligations to complement, supplement, augment, alter and/or modify this motion, and to assert suchother grounds as may become apparent upon further discovery.

**WHEREFORE**, the Debtor respectfully requests that this Honorable Court deny the Motion.

**Respectfully Submitted,**

**DATED:** April 9, 2024

**CALAIARO VALENCIK**

**BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esq.  PA I.D. No. 27538**
**Andrew K. Pratt, Esq.      PA I.D. No. 328784**

**938 Penn Avenue, Suite 501**
**Pittsburgh, PA 15222-3708**
**Phone:      (412) 232-0930**
**Fax:         (412) 232-3858**
**Email:       dcalaiaro@c-vlaw.com**
               **apratt@c-vlaw.com**