**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br>LINDA C. PARKER,<br>                Debtor. | Case No. 24-20404-CMB<br>Chapter 11 |
| LINDA C. PARKER,<br>                Movant,<br>  v.<br>PNC BANK, NATIONAL ASSOCIATION,<br>               Respondent. | Related to Doc 66, 67, 68, |

## ADDENDUM TO DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 11, 2024

Linda C. Parker, Debtor-in-Possession files this Addendum to the Debtor's Chapter 11 Plan of Reorganization filed on September 25, 2024 (the "Plan") [Doc 66], and the documents ancillary thereto INCLUDING the Summary of Chapter 11 Plan of Reorganization [Doc 67], and Disclosure Statement to Accompany Chapter 11 Plan of Reorganization Dated September 25, 2024 (the "Disclosure Statement") [Doc 68].

The provisions of the Plan generally and particularly with respect to the treatment of PNC Bank, National Bank ("PNC Bank") as the SOLE Class 3 Claimant are modified as follows:

1. Paragraph 3.2 on Page 8 shall read as follows:

3.2 <u>Class 2</u> shall consist of the claim of PNC Bank, the holder of the first mortgage on the real property located at 626 James Drive, Belle Vernon, PA 15012. At the time of filing, PNC Bank was owed approximately $ 216,627.20. They have filed Proof of Claim No. 6. They assert an arrearage of $1,518.65. The Debtor has obtained a loan modification through the Loan Modification Program. The Debtor is current under this modification.

2. Paragraph 3.3 on Page 8 shall read as follows:

3.3. <u>Class 3</u> shall consist of the commercial claim of PNC Bank, National Association, the holder of the mortgage on the Debtor's commercial property located at 129 Landmark Lane, Belle Vernon, PA 15012. The loan dated July 23, 2004, was in the face amount to of $300,000.00. The loan maturity date was July 23, 2019. The mortgage was recorded at Instrument No. 2004072344890. This loan was modified by a forbearance agreement on November 31, 2014. As of December 8, 2016, the loan was in the principal amount of $300.000.00 and interest and late charges in the approximate amount of $69,000.00. This mortgage was previously modified to a fixed rate of 5%.PNC bank has filed a Proof of Claim # 5 in this case for $289.241.29. The Debtor has made adequate protection payments to PNC since the case was filed. The Debtor has the right to modify this secured obligation under Chapter 11 of the Bankruptcy Code"

3. Paragraph 6.3 on Page 13 shall read as follows:

6.3 <u>Post confirmation Injunction.</u> Except as specifically provided otherwise in this Plan, all entities that hold a claim against the Debtor are enjoined from taking any actions on account of any such claims, debts of liabilities:

A. Commencing or continuing in any manner any action or other proceedings against the Reorganized Debtor, Debtor's Estate, or any property included in that estate, unless there has been a material default under the confirmed Plan.

B. Enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order against Reorganized Debtor, Debtor's Estate or any property included in that estate, unless there has been a material default under the confirmed Plan.

C. Creating, perfecting, or enforcing any lien or encumbrance Reorganized Debtor, Debtor's Estate or any property included in that estate, unless there has been a material default under the confirmed Plan.

      D. Taking any action which is inconsistent with the confirmed Plan.

4.    Paragraph 7.3 on Pages 14, 15 and 16 shall read as follows:

      7.3 <u>Class 3, PNC Bank</u>. PNC Bank holds a first mortgage on 129 Landmark Lane Belle Vernon, PA 15012. The Debtor uses this property as a commercial property and it is used by Parker Precision Molding, Inc., Debtor's wholly owned corporation.

      Participation in this Class by the Class 3 lienholder shall be limited to include principal and interest and allowed costs, which are secured by actual value. If the Class 3 Claim is fully paid pursuant to this Plan, counsel fees incurred through the Effective Date shall not be paid as part of the Class 3 claim.

      PNC Bank shall be treated pursuant to the provisions of Section 1129 (b) (2) (A) of the Bankruptcy Code as follows:

   (A)   This secured creditor will realize the indubitable equivalent of its allowed claim on the date of distribution as provided in the Plan.

   (B)   This secured creditor will receive treatment of its claim in a manner consistent with the Bankruptcy Code:

      (1) It will receive its unpaid principal, interest costs as allowed by the Bankruptcy Code, to the extent it is an allowed claim after modification and deduction for all credits, as set forth below.

      (2) The counsel fees due as of the Effective Date shall not be paid unless, the Debtor fails to pay off the balance on the maturity date. If the Debtor fails to pay off the balance of the loan by the maturity date, PNC may include those counsel fees thereafter. Counsel fees incurred after the Effective Date, if any, shall be due in accordance with PNC Bank loan documents.

      (3) It is impaired under this Plan.

   (C)   This secured creditor has a mortgage lien; such lien will be retained, as to the Reorganized Debtor, and will be retained, as modified, until this secured Creditor is paid in full.

   (D)   The debt will be modified and restructured under this Plan. The loan maturity date will be extended to six (6) years after the confirmation date.

(E) The balance due, as of the confirmation date, will be reamortized by the Debtor using a 20 year amortization. The loan will mature, and the entire unpaid balance under this Plan will be due on August 31, 2030.

(F) The modified secured claim will accrue post-confirmation interest at the previously modified fixed rate of six percent (6%) per annum; and

(G) Any prepayment penalty will be waived.

(H) The Debtor shall make monthly payments towards the principal and interest due in the minimum amount of $2,200.00 per month. PNC Bank shall credit any payments, after application to interest, to the principal amount(s) due.

(I) The Debtor shall make additional principal payments of $1,000.00 per month beginning on month sixty, after the confirmation date and until the loan is paid in full.

(J) The Debtor shall pay all future real estate taxes as they become due.

(K) The Debtor shall maintain adequate insurance coverage on this property and name PNC Bank as a loss payee under the Policy.

(L) Financial Statements. The Debtor shall provide PNC Bank with annual financial statements (income statement, profit and loss and balance sheet) for herself and Parker Precision as well as copies of the Debtors and Parker Precision's annual federal tax returns.

(M) Existing Loan Documents to be Retained and Amended. The loan documents evidencing the Secured Claim shall remain in full force and effect but shall be deemed modified as provided herein. Debtor will execute loan document amendments and a mortgage modification agreement (in recordable form) to evidence and document the terms hereof.

<u>Provisions included IF PNC Accepts this Plan And Votes Affirmatively in Favor of this Plan.</u>

(N)     As consideration for PNC's Consent to this plan, the Debtor will grant PNC commercial a second lien on her residence as additional collateral provided that PNC accepts the treatment in this Plan. This Option can only be exercised by PNC Voting affirmatively in favor of this plan.

(O)     As consideration for PNC's Consent to this plan, the Debtor has agreed to the loan maturity date being 6 years after the effective date following confirmation of this Plan.

5.     Paragraph 7.3.1 on page 16 shall read:

7.3.1   PNC Bank will give written notice of any default to the Debtor and her counsel specifying the alleged default and the action needed to cure the default. The Debtor shall have (10) ten days after notice to cure any payment default and (30) thirty days after notice to cure any default after receipt of that notice. All notices of default must be mailed to the Debtor at her last known address; AND a copy of that notice shall be mailed to Donald R. Calaiaro at 938 Penn Avenue, Suite 501, Pittsburgh, PA 15222. All notices to the Debtor under this paragraph must be sent by certified mail or overnight courier, return receipt requested to be effective. Copies of notice to counsel may be sent by email, overnight courier or hand delivery. The terms of these notice rights must be strictly enforced as a condition precedent to any rights under this Plan.

## END OF ADDENDUM

**Dated:** October 2, 2024         **CALAIARO VALENCIK**

                                              **BY:** */s/ Donald R. Calaiaro*
                                              **Donald R. Calaiaro, Esq. PA I.D. No. 27538**
                                              **938 Penn Avenue, Suite 501**
                                              **Pittsburgh, PA 15222-3708**
                                              **Telephone: (412) 232-0930**
                                              **Facsimile: (412) 232-3858**
                                              **Email: dcalaiaro@c-vlaw.com**

Consented to and Agreed:

TUCKER ARENSBERG, P.C.

By: /s/ Beverly Weiss Manne
Beverly Weiss Manne, Esq.
PA ID No. 34545
bmanne@tuckerlaw.com
1500 One PPG Place
Pittsburgh, PA 15222
T: (412) 566-1212
F: (412) 594-5619

*Attorneys for PNC Bank, National Association*