**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Linda C. Parker,<br><br>    Debtor,<br><br>---<br><br>Linda C. Parker,<br><br>    Movant,<br><br>    v.<br><br>No respondent. | Case Number: 24-20404-CMB<br><br>Chapter 11<br><br>Related to Doc. No.: 66<br><br>Hearing Date & Time:<br>November 7, 2024 at 1:30 p.m.<br><br>Response Deadline:<br>October 28, 2024 |

**OBJECTION OF THE UNITED STATES TRUSTEE TO**
**DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

AND NOW, comes Andrew R. Vara, United States Trustee for Regions 3 and 9 (the "United States Trustee"), by and through his undersigned counsel, and hereby files this objection (the "Objection") to the *Debtor's Chapter 11 Plan of Reorganization* (Doc. No. 66) filed by Linda C. Parker (the "Debtor"). In support of the Objection, the United States Trustee respectfully states as follows:

**JURISDICTION**

1.    This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. §§ 1334, 151 and 157.

2.    Venue of the case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    Under 28 U.S.C. § 586, the United States Trustee 28 U.S.C. § 586, is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia*

1

*Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994). Specifically, the United States Trustee is charged with "monitoring the progress of cases under title 11 and taking such actions as the United States Trustee deems to be appropriate to prevent undue delay in such progress." 28 U.S.C. § 586(a)(3)(G).

4. The United States Trustee has standing to appear and be heard on this issue pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586.

## FACTUAL BACKGROUND

5. On February 21, 2024, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. Doc. No. 1.

6. The 341 meeting of creditors was initially scheduled for March 28, 2024, and was adjourned and concluded on April 29, 2024. Doc. Nos. 41 and 46.

7. On September 25, 2024, the Debtor filed her *Chapter 11 Plan of Reorganization Dated September 25, 2024* (the "Plan") and Disclosure Statement. Doc. Nos. 66 and 68.

8. On September 27, 2024, the Court entered an order conditionally approving the Debtor's Disclosure Statement and setting confirmation related deadlines, including a deadline of October 28, 2024 for filing any objections to confirmation. Doc. No. 69. Accordingly, the Objection is timely.

### *The Debtor's Plan*

9. The Plan contemplates funding from three sources: (i) the Debtor's income from Parker Precision Molding in the amount of $2,500 per month; (ii) $2,300 in monthly rental income from Parking Precision Molding; and (iii) Debtor's monthly social security payments of $2,737.

2

10. However, a review of the monthly operating reports shows that the Debtor does not routinely receive all three sources of income. Rather, the Debtor's average monthly income appears to be $3,320.48.

11. According to the Debtor's monthly operating reports, the Debtor's cash flow over the life of this case is as follows:

|  | Beginning Balance | Deposits | Withdrawals & Debits | Net Cash Flow | Ending Balance |
|---|---|---|---|---|---|
| February 2024 | (33.06) | 3,662.00 | 3,617.84 | 44.16 | 11.10 |
| March 2024 | 11.10 | 3,057.00 | 1,394.94 | 1,662.06 | 1,673.16 |
| April 2024 | 1,673.16 | 3,737.00 | 5,324.66 | (1,587.66) | 85.50 |
| May 2024 | 85.50 | 2,862.00 | 1,823.89 | 1,038.11 | 1,123.61 |
| June 2024 | 1,123.61 | 3,470.80 | 4,510.03 | (1,039.23) | 84.38 |
| July 2024 | 84.38 | 2,837.00 | 2,660.18 | 176.82 | 261.20 |
| August 2024 | 261.20 | 2,906.00 | 3,140.32 | (234.32) | 26.88 |
| September 2024 | 26.88 | 4,032.00 | 4,051.47 | (19.47) | 7.41 |
|  |  |  |  |  |  |
| 8-month Average |  | 3,320.48 | 3,315.42 | 5.06 |  |

*See* Dkt.

12. The Debtor's monthly operating reports demonstrate that the Debtor has an average net cash flow of $5.06 per month and an ending cash balance of $7.41, as of September 2024. The Disclosure Statement calls for an immediate payment of $4,809.60 on the Effective Date. Doc. No. 68, Article VI.

## **LEGAL STANDARD**

13. Section 1129 of the Bankruptcy Code provides that "[t]he court shall confirm a plan only if it complies with the applicable provisions of [the Bankruptcy Code]." 11 U.S.C. § 1129(a)(1). The Bankruptcy Code details the required elements for confirmation in § 1129(a) or, if appropriate, § 1129(b). The Debtor, as the plan proponent, bears the burden of proof with

3

respect to confirmation requirements by a preponderance of the evidence, including feasibility. *In re Christian Faith Assembly*, 402 B.R. 794, 798 (Bankr. N.D. Ohio 2009).

14. The United States Trustee objects to confirmation of the Plan for several reasons. Specifically, the United States Trustee objects to confirmation on the following grounds:

(a) <u>Discharge</u>: Article 6.1 of the Amended Plan states that the Debtor shall receive a discharge upon confirmation of the Plan. Doc. No. 66. Pursuant to 11 U.S.C. § 1141(d)(5), unless after notice and hearing the Court orders otherwise for cause, the confirmation of the plan does not discharge any debt of an individual debtor, and an individual debtor does not receive a discharge until after the completion of all plan payments. The Debtor has not yet provided any cause in support of why she should receive a discharge upon confirmation.

(b) <u>Statutory Fees and Reporting</u>: The Plan is not clear regarding who will be responsible for pre-effective date reporting and fees and post-effective date reporting and fees. Therefore, the United States Trustee proposes the following language: "All reports and fees due and payable pursuant to section 1930 of Title 28 of the United States Code prior to the Effective Date shall be filed and paid by the Debtor. On and after the Effective Date, the Reorganized Debtor shall pay all such fees when due and payable and shall file with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the United States Trustee. The Debtor shall remain obligated to pay quarterly fees to the Office of the United States Trustee until the earliest of the Debtor's case being closed, dismissed or converted to a case under Chapter 7 of the Bankruptcy Code."

(c) <u>Feasibility</u>: The Debtor's monthly operating reports do not support that the Plan is feasible. The Plan contemplates that Debtor will receive approximately $7,500 per month to cover expenses and fund the plan payments. However, the Debtor's average monthly gross income during the life of the case is less than $3,400. In addition, proposed monthly plan payments (per Exhibit C of the disclosure statement) are $5,059.60, but the Debtor's average monthly net cash flow during the life of the case is less than $10. To date, the Debtor has failed to provide any financial projections or other evidence demonstrating why her financial condition over the life of this case is not reflective of her future financial condition and that the Plan is feasible. As of September 25, 2024, the Debtor had less than $8 in her bank account. The Plan estimates payment of claims totaling almost $5,000 on the effective date. It is the Debtor's burden to demonstrate that the Plan is feasible, so the Detor should provide additional information to demonstrate why she can make the Plan payments despite the financial situation demonstrated in the monthly operating reports filed to date.

(d) <u>Termination of Representation</u>. The Plan provides that Calaiaro Valencik's representation of the Debtor will automatically terminate upon entry of a final decree. Doc. No. 66, Article 9.7. This provision further terminates Calaiaro Valencik's obligation to provide information or reports to any parties in interest after entry of the final decree. *Id.* The United States Trustee submits that if Calaiaro Valencik wishes to withdraw as counsel for the Debtor, it should file a motion requesting such relief as required under Local Rule 9010-2. As stated above, the Debtor is not eligible to receive a discharge upon confirmation of the Plan. Accordingly, the Debtor will necessarily require counsel to seek the entry of a discharge at the appropriate time. Further, the Debtor's obligation to prepare and file post-confirmation reports until the case is closed will further necessitate assistance of counsel.

## RESERVATION OF RIGHTS

15. The United States Trustee reserves all rights, remedies, and obligations to, *inter alia*, complement, supplement, augment, alter, and/or modify this Objection, file an appropriate motion and/or conduct all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further discovery.

**WHEREFORE**, the United States Trustee respectfully submits that the Court (i) sustain the Objection, (ii) deny confirmation of the Debtor's Plan, and (iii) grant such other relief as is appropriate.

Dated: October 24, 2024                                             Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

By: */s/ Kate M. Bradley*
Kate M. Bradley, Trial Attorney
OH ID NO. 0074206
1000 Liberty Avenue, Suite 1316
Pittsburgh, Pennsylvania 15222
(412) 644-4756 Telephone
(412) 644-4785 Facsimile
kate.m.bradley@usdoj.gov

## Certificate of Service

I hereby certify that on October 24, 2024, a true and correct copy of the ***Objection*** was served via the Court's Electronic Case Filing System on all entities and individuals who are listed on the Court's Electronic Mail Notice List.


by: */s/Kate M. Bradley*
Kate M. Bradley (0074206)