IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>LINDA C. PARKER,<br><br>Debtor. | Case No. 24-20404-CMB<br><br>Chapter 11 |
| LINDA C. PARKER,<br><br>Movant,<br><br>v.<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>Respondent. | Related to Docs 66, 67 and 68, 72 |

## STIPULATION AND CONSENT ORDER RESOLVING PNC BANK, NATIONAL ASSOCIATION'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 25, 2024

Linda C. Parker (the "Debtor") and PNC Bank, National Association ("PNC Bank"), by and through their undersigned counsel, hereby stipulate and agree as follows:

**RECITALS**

I.    PNC Bank is a secured creditor of the Debtor on account of, inter alia, a commercial obligation which is currently secured by a July 23, 2004, Open-End Mortgage recorded by the Westmoreland County Recorder as Instrument No. 200407230044890 (the "Mortgage,"

II.    On February 21, 2024 the Debtor filed her voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, in this Court in this Case (the "Bankruptcy Case").

III.    On September 25, 2024, the Debtor filed her Chapter 11 Plan of Reorganization Dated September 25, 2024 (the "Plan") [Doc 64], Summary of Chapter 11 Plan of Reorganization [Doc 65], and Disclosure Statement to Accompany Chapter 11 Plan of Reorganization Dated September 25, 2024 (the "Disclosure Statement") [Doc 68].

IV.    PNC Bank and the Debtor have agreed to some modifications in the language of the plan pertaining to the treatment of PNC Bank.

V.    Debtor and PNC Bank stipulate and agree to the terms set forth herein, and the Court finds and orders as follows:

## STIPULATION AND CONSENT ORDER

1.    All statements set forth in the Recitals are incorporated herein by reference and are made an integral part of this Agreement as if set forth herein.

2.    The Debtor and PNC Bank have agreed to the following modification to the Plan terms to prevent a Plan Objection and to induce PNC Bank to vote in favor of the Plan, which is deemed to be amended hereby to reflect the following changes (additions are underlined, deletions are struck through), which changes are also reflected in the PNC Plan treatment Addendum attached hereto as Exhibit "A".

- paragraph 3.2 -- "Class 2 shall consist of the claim of PNC Bank, the holder of the first mortgage on the real property located at 626 James Drive, Belle Vernon, PA 15012. ..."

- paragraph 3.3 -- "Class 3 shall consist of the commercial claim of PNC Bank, National Association, the holder of the mortgage on the Debtor's commercial property located at 129 Landmark Lane, Belle Vernon, PA 15012. The loan dated July 23, 2004, was in the face amount to of $300,000.00. The loan maturity date was is July 23, 2019. ..."

- paragraph 6.3 -- "Except as specifically provided otherwise in this Plan, All all entities that hold a claim against the Debtor are enjoined from taking any actions on account of any such claims, debts of liabilities: …"

- paragraph 7.3 --

"Class 3, PNC Bank. PNC Bank holds a first mortgage on 129 Landmark Lane Belle Vernon, PA 15012. The Debtor uses this property as a commercial property and it is used by Parker Precision Molding, Inc., Debtor's wholly owned corporation.

Participation in this Class by the Class 3 lienholder shall be limited to include principal and interest and allowed costs, which are secured by actual value. If the Claim is fully paid pursuant to this Plan, counsel fees incurred through the Effective Date shall not be paid as part of the Class 3 claim.

C Bank shall be treated pursuant to the provisions of Section 1129 (b) (2) (A) of the Bankruptcy Code as follows:

(A) This secured creditor will realize the indubitable equivalent of its allowed claim on the date of distribution as provided in the Plan.

(B) This secured creditor will receive treatment of its claim in a manner consistent with the Bankruptcy Code:

(1) It will receive its unpaid principal, interest costs as allowed by the Bankruptcy Code, to the extent it is an allowed claim after modification and deduction for all credits, as set forth below.

(1)(2) The counsel fees due as of the Effective Date shall not be allowed paid unless, the Debtor fails to pay off the balance on the maturity date. If the Debtor

3

fails to pay off the balance of the loan by the maturity date, PNC may include those counsel fees thereafter. <u>Counsel fees incurred after the Effective Date, if any, shall be due in accordance with PNC Bank loan documents.</u>

~~(2)~~(3) It is impaired under this Plan.

(C) This secured creditor has a mortgage lien; such lien will be retained, as to the Reorganized Debtor, and will be retained, as modified, until this secured Creditor is paid in full. ~~under this Plan.~~

(D) The debt will be modified and restructured under this Plan. The loan maturity date will be extended to <u>six (6)</u> ~~7~~ years after the confirmation date.

(E) The balance due, as of the confirmation date, will be reamortized by the Debtor using a <u>20 year amortization.</u> ~~over 20 years.~~ The loan will mature, and the entire unpaid balance under this Plan will be due on August 31, 203<u>0</u>~~1~~.

(F) The modified secured claim will accrue post-confirmation interest at the previously modified fixed rate of <u>six percent (6%)</u>~~5%~~ per annum; and

(G) Any prepayment penalty will be waived.

(H) The Debtor shall make monthly payments towards the principal and interest due in the minimum amount of $ 2,200.00 per month. PNC Bank shall credit any payments, after application to interest, to the principal amount(s) due.

(I) The Debtor shall make additional principal payments of $ 1,000.00 per month beginning on month sixty~~-one~~, after the confirmation date and until the loan is paid in full.

(J) The Debtor shall pay all future real estate taxes as they become due.

4

(K) The Debtor shall maintain adequate insurance coverage on this property and name PNC Bank as a loss payee under the Policy.

(L) Financial Statements. The Debtor shall provide PNC Bank with annual financial statements (income statement, profit and loss and balance sheet) for herself and Parker Precision as well as copies of the Debtors and Parker Precision's annual federal tax returns.

(M) Existing Loan Documents to be Retained and Amended. The loan documents evidencing the Secured Claim shall remain in full force and effect but shall be deemed modified as provided herein. Debtor will execute loan document amendments and a mortgage modification agreement (in recordable form) to evidence and document the terms hereof.

Provisions included, IF PNC Accepts this Plan And Votes Affirmatively in Favor of this Plan.

(N) As consideration for PNC's Consent to this plan, the Debtor will grant PNC commercial a second lien on her residence as additional collateral provided that PNC accepts the treatment in this Plan. This Option can only be exercised by PNC Voting affirmatively in favor of this plan.

(~~K~~)(O) As consideration for PNC's Consent to this plan, the Debtor ~~will~~ has agreed ~~agree~~ to ~~reduce~~ the loan maturity date being ~~to~~ 6 years after the effective date following confirmation of this Plan."

- Paragraph 7.3.1:

5

<u>PNC Bank will give written notice of any default to the Debtor and her counsel specifying the alleged default and the action needed to cure the default. The Debtor shall have (10) ten days after notice to cure any payment default and (30) thirty days after notice to cure any default after receipt of that notice.</u>

~~This creditor must give notice of any default to the Debtor and their counsel by written notice specifying the alleged default and the action needed to cure the default. The Debtor shall have (30) thirty days to cure any default after receipt of that notice. No creditor may enforce any right or enforce any lien until this notice and opportunity to cure have been given.~~

All notices of default must be mailed to the Debtor at ~~their~~ her last known address; AND a copy of that notice shall be mailed to Donald R. Calaiaro at 938 Penn Avenue, Suite 501, Pittsburgh, PA 15222. All notices <u>to the Debtor</u> under this paragraph must be sent by certified mail <u>or overnight courier</u>, return receipt requested to be effective. <u>Copies of notice to counsel may be sent by email, overnight courier or hand delivery.</u> The terms of these notice rights must be strictly enforced as a condition precedent to any rights under this Plan.

3.    This Stipulation and Consent Order shall supplement any order entered by this Court confirming the Plan and shall govern the treatment of the Class 3 secured claim of PNC Bank under the Plan.

4.    PNC Bank hereby reserves all of its rights and shall be entitled to enforce its liens, including the Mortgage and Judgment, in their full, original amounts in the event that the Debtor fails to obtain an order of confirmation of the Plan and/or the Bankruptcy Case is converted or dismissed.

6

5. All other terms, provisions, conditions, obligations, covenants, agreements, rights and remedies set forth in the Note and Mortgage remain in full force and effect.

6. Upon approval of this Stipulation by this Court, PNC Bank shall be deemed to vote in favor of confirmation of the Plan.

7. The terms of this Stipulation may not be modified, revised, altered or changed to any extent, without the express written consent of both the Debtor and PNC Bank.

8. This Court shall retain jurisdiction to enforce the terms of this Stipulation.

The above Stipulation CONSENTED AND AGREED to by on this 2nd day of October, 2024:

TUCKER ARENSBERG, P.C.

By: /s/ Beverly Weiss Manne
Beverly Weiss Manne, Esq.
PA ID No. 34545
bmanne@tuckerlaw.com
1500 One PPG Place
Pittsburgh, PA 15222
T: (412) 566-1212
F: (412) 594-5619

*Attorneys for PNC Bank, National Association*

CALAIARO | VALENCIK

By: /s/ Donald R. Calaiaro
Donald R. Calaiaro, Esq.
PA ID No. 27538
dcalaiaro@c-vlaw.com
David Z. Valencik, Esq.
PA ID No. 308361
dvalencik@c-vlaw.com

938 Penn Avenue, Suite 501
Pittsburgh, PA 15222
T: (412) 232-0930

*Attorneys for Linda C. Parker, Debtor*

SO ORDERED AND APPROVED:

Date: 11/7, 2024

FILED
11/7/24 3:46 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

Honorable Carlota M. Böhm
Chief United States Bankruptcy Judge

7

EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>LINDA C. PARKER,<br><br>　　　　　Debtor. | Case No. 24-20404-CMB<br><br>Chapter 11 |
| LINDA C. PARKER,<br><br>　　　　　Movant,<br><br>v.<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>　　　　　Respondent. | Related to Doc 66, 67, 68, |

## ADDENDUM TO DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION DATED SEPTEMBER 11, 2024

Linda C. Parker, Debtor-in-Possession files this Addendum to the Debtor's Chapter 11 Plan of Reorganization filed on September 25, 2024 (the "Plan") [Doc 66], and the documents ancillary thereto INCLUDING the Summary of Chapter 11 Plan of Reorganization [Doc 67], and Disclosure Statement to Accompany Chapter 11 Plan of Reorganization Dated September 25, 2024 (the "Disclosure Statement") [Doc 68].

The provisions of the Plan generally and particularly with respect to the treatment of PNC Bank, National Bank ("PNC Bank") as the SOLE Class 3 Claimant are modified as follows:

1.  Paragraph 3.2 on Page 8 shall read as follows:

    3.2  Class 2  shall consist of the claim of PNC Bank, the holder of the first mortgage on the real property located at 626 James Drive, Belle Vernon, PA 15012. At the time of filing, PNC Bank was owed approximately $216,627.20. They have filed Proof of Claim No. 6. They assert an arrearage of $1,518.65. The Debtor has obtained a loan modification through the Loan Modification Program. The Debtor is current under this modification.

2.  Paragraph 3.3 on Page 8 shall read as follows:

    3.3.  Class 3 shall consist of the commercial claim of PNC Bank, National Association, the holder of the mortgage on the Debtor's commercial property located at 129 Landmark Lane, Belle Vernon, PA 15012. The loan dated July 23, 2004, was in the face amount to of $300,000.00. The loan maturity date was July 23, 2019. The mortgage was recorded at Instrument No. 2004072344890. This loan was modified by a forbearance agreement on November 31, 2014. As of December 8, 2016, the loan was in the principal amount of $300.000.00 and interest and late charges in the approximate amount of $69,000.00. This mortgage was previously modified to a fixed rate of 5%.PNC bank has filed a Proof of Claim # 5 in this case for $289.241.29. The Debtor has made adequate protection payments to PNC since the case was filed. The Debtor has the right to modify this secured obligation under Chapter 11 of the Bankruptcy Code"

3.  Paragraph 6.3 on Page 13 shall read as follows:

    6.3  Post confirmation Injunction. Except as specifically provided otherwise in this Plan, all entities that hold a claim against the Debtor are enjoined from taking any actions on account of any such claims, debts of liabilities:

    A. Commencing or continuing in any manner any action or other proceedings against the Reorganized Debtor, Debtor's Estate, or any property included in that estate, unless there has been a material default under the confirmed Plan.

    B. Enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order against Reorganized Debtor, Debtor's Estate or any property included in that estate, unless there has been a material default under the confirmed Plan.

    C. Creating, perfecting, or enforcing any lien or encumbrance Reorganized Debtor, Debtor's Estate or any property included in that estate, unless there has been a material default under the confirmed Plan.

        D. Taking any action which is inconsistent with the confirmed Plan.

4.    Paragraph 7.3 on Pages 14, 15 and 16 shall read as follows:

    7.3 <u>Class 3, PNC Bank.</u> PNC Bank holds a first mortgage on 129 Landmark Lane Belle Vernon, PA 15012. The Debtor uses this property as a commercial property and it is used by Parker Precision Molding, Inc., Debtor's wholly owned corporation.

    Participation in this Class by the Class 3 lienholder shall be limited to include principal and interest and allowed costs, which are secured by actual value. If the Class 3 Claim is fully paid pursuant to this Plan, counsel fees incurred through the Effective Date shall not be paid as part of the Class 3 claim.

    PNC Bank shall be treated pursuant to the provisions of Section 1129 (b) (2) (A) of the Bankruptcy Code as follows:

(A)    This secured creditor will realize the indubitable equivalent of its allowed claim on the date of distribution as provided in the Plan.

(B)    This secured creditor will receive treatment of its claim in a manner consistent with the Bankruptcy Code:

    (1) It will receive its unpaid principal, interest costs as allowed by the Bankruptcy Code, to the extent it is an allowed claim after modification and deduction for all credits, as set forth below.

    (2) The counsel fees due as of the Effective Date shall not be paid unless, the Debtor fails to pay off the balance on the maturity date. If the Debtor fails to pay off the balance of the loan by the maturity date, PNC may include those counsel fees thereafter. Counsel fees incurred after the Effective Date, if any, shall be due in accordance with PNC Bank loan documents.

    (3) It is impaired under this Plan.

(C)    This secured creditor has a mortgage lien; such lien will be retained, as to the Reorganized Debtor, and will be retained, as modified, until this secured Creditor is paid in full.

(D)    The debt will be modified and restructured under this Plan. The loan maturity date will be extended to six (6) years after the confirmation date.

(E) The balance due, as of the confirmation date, will be reamortized by the Debtor using a 20 year amortization. The loan will mature, and the entire unpaid balance under this Plan will be due on August 31, 2030.

(F) The modified secured claim will accrue post-confirmation interest at the previously modified fixed rate of six percent (6%) per annum; and

(G) Any prepayment penalty will be waived.

(H) The Debtor shall make monthly payments towards the principal and interest due in the minimum amount of $2,200.00 per month. PNC Bank shall credit any payments, after application to interest, to the principal amount(s) due.

(I) The Debtor shall make additional principal payments of $1,000.00 per month beginning on month sixty, after the confirmation date and until the loan is paid in full.

(J) The Debtor shall pay all future real estate taxes as they become due.

(K) The Debtor shall maintain adequate insurance coverage on this property and name PNC Bank as a loss payee under the Policy.

(L) Financial Statements. The Debtor shall provide PNC Bank with annual financial statements (income statement, profit and loss and balance sheet) for herself and Parker Precision as well as copies of the Debtors and Parker Precision's annual federal tax returns.

(M) Existing Loan Documents to be Retained and Amended. The loan documents evidencing the Secured Claim shall remain in full force and effect but shall be deemed modified as provided herein. Debtor will execute loan document amendments and a mortgage modification agreement (in recordable form) to evidence and document the terms hereof.

<u>Provisions included IF PNC Accepts this Plan And Votes Affirmatively in Favor of this Plan.</u>

(N)   As consideration for PNC's Consent to this plan, the Debtor will grant PNC commercial a second lien on her residence as additional collateral provided that PNC accepts the treatment in this Plan. This Option can only be exercised by PNC Voting affirmatively in favor of this plan.

(O)   As consideration for PNC's Consent to this plan, the Debtor has agreed to the loan maturity date being 6 years after the effective date following confirmation of this Plan.

5.   Paragraph 7.3.1 on page 16 shall read:

7.3.1   PNC Bank will give written notice of any default to the Debtor and her counsel specifying the alleged default and the action needed to cure the default. The Debtor shall have (10) ten days after notice to cure any payment default and (30) thirty days after notice to cure any default after receipt of that notice. All notices of default must be mailed to the Debtor at her last known address; AND a copy of that notice shall be mailed to Donald R. Calaiaro at 938 Penn Avenue, Suite 501, Pittsburgh, PA 15222. All notices to the Debtor under this paragraph must be sent by certified mail or overnight courier, return receipt requested to be effective. Copies of notice to counsel may be sent by email, overnight courier or hand delivery. The terms of these notice rights must be strictly enforced as a condition precedent to any rights under this Plan.

## END OF ADDENDUM

Dated: October 2, 2024            **CALAIARO VALENCIK**

BY: <u>/s/ Donald R. Calaiaro</u>
Donald R. Calaiaro, Esq. PA I.D. No. 27538
938 Penn Avenue, Suite 501
Pittsburgh, PA 15222-3708
Telephone: (412) 232-0930
Facsimile: (412) 232-3858
Email: dcalaiaro@c-vlaw.com

Consented to and Agreed:

TUCKER ARENSBERG, P.C.

By: _/s/ Beverly Weiss Manne_
Beverly Weiss Manne, Esq.
PA ID No. 34545
bmanne@tuckerlaw.com
1500 One PPG Place
Pittsburgh, PA 15222
T: (412) 566-1212
F: (412) 594-5619

*Attorneys for PNC Bank, National Association*

United States Bankruptcy Court

Western District of Pennsylvania

In re: | Case No. 24-20404-CMB
Linda C. Parker | Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2      User: auto      Page 1 of 2
Date Rcvd: Nov 07, 2024      Form ID: pdf900      Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 09, 2024:**

**Recip ID**      **Recipient Name and Address**
db      + Linda C. Parker, 626 James Drive, Belle Vernon, PA 15012-4742

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 09, 2024      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 7, 2024 at the address(es) listed below:**

**Name**      **Email Address**

Aaron Joseph Walayat
     on behalf of Creditor PNC BANK NATIONAL ASSOCIATION awalayat@tuckerlaw.com

Andrew Kevin Pratt
     on behalf of Debtor Linda C. Parker apratt@c-vlaw.com
     kmosur@c-vlaw.com;ssimmons@c-vlaw.com;akpratt.ecf@outlook.com;ncalaiaro@c-vlaw.com;aopoku@c-vlaw.com;Pratt.AndrewR141044@notify.bestcase.com;amoody@c-vlaw.com

Beverly Weiss Manne
     on behalf of Creditor PNC BANK NATIONAL ASSOCIATION bmanne@tuckerlaw.com, bewmanne@aol.com,jrusnack@tuckerlaw.com

Denise Carlon
     on behalf of Creditor PNC BANK NATIONAL ASSOCIATION dcarlon@kmllawgroup.com

Donald R. Calaiaro
     on behalf of Debtor Linda C. Parker dcalaiaro@c-vlaw.com

District/off: 0315-2 | User: auto | Page 2 of 2
Date Rcvd: Nov 07, 2024 | Form ID: pdf900 | Total Noticed: 1

kmosur@c-vlaw.com;ssimmons@c-vlaw.com;apratt@c-vlaw.com;ncalaiaro@c-vlaw.com;aopoku@c-vlaw.com;Calairo.DonaldR.R141044@notify.bestcase.com;amoody@c-vlaw.com

Jeffrey Hunt
on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com PNGbankruptcy@peoples-gas.com

Joanna Studeny
on behalf of Creditor PNC BANK NATIONAL ASSOCIATION jstudeny@tuckerlaw.com

Kate Bradley
on behalf of U.S. Trustee Office of the United States Trustee kate.m.bradley@usdoj.gov

Office of the United States Trustee
ustpregion03.pi.ecf@usdoj.gov

TOTAL: 9